UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALANA CHIEFSTICK, *et al.*,

        Plaintiffs,

v.

CITY OF POULSBO, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05475-JRC

ORDER TO SHOW CAUSE

This matter is before the Court on the parties' consent (Dkt. 10) and on the settlement guardian *ad litem* report and fees declaration filed by plaintiffs under seal. *See* Dkts. 42, 43.

The parties have reached a settlement that requires the Court's approval because it involves litigants who are minors. *See* Fed. R. Civ. P. 17(c); *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). As such, the parties have submitted a stipulated motion for the Court to

approve the settlement and dismiss the case. *See* Dkt. 45. However, the stipulated motion relies on information plaintiffs filed under seal. *See* Dkts. 42, 43.

In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016).

In the Western District of Washington, a party seeking to file documents under seal must comply with the procedures of Local Civil Rule 5(g). Pursuant to Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." LCR 5(g)(3)(A). The party must also provide a specific statement of the reasons for keeping a document under seal. LCR 5(g)(3). The stipulated protective order approved by this Court in this matter expressly states that the order "does not presumptively entitle parties to file confidential information under seal" and that the parties will follow the procedure set forth under Local Civil Rule 5(g) when filing material under seal. *Id.* at 32–33.

Plaintiffs filed the documents and, thus, have the burden to meet the requirements of Local Civil Rule 5(g) and meet the relevant standard that applies to each document they seek to maintain under seal. LCR 5(g)(3)(B). The stipulated motion simply states that the settlement guardian ad litem's report was "filed with the Court under seal on February 17, 2022." Dkt. 45 at 2. The rest of the motion and the documents filed under seal are silent as to why they were filed under seal.

1     Accordingly, because plaintiffs filed the documents, they are ordered to show cause as to
2 why they should remain sealed pursuant to Local Civil Rule 5(g) and the relevant legal standard.
3 Failure to show cause may result in the documents being unsealed or withdrawn from the record.
4 Plaintiffs must respond to this order by March 4, 2022.

5     Dated this 23rd day of February, 2022.

*[signature]*

J. Richard Creatura
Chief United States Magistrate Judge