UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALANA CHIEFSTICK, *et al.*,

  Plaintiffs,

  v.

CITY OF POULSBO, *et al.*,

  Defendants.

CASE NO. 3:21-cv-05475-JRC

ORDER GRANTING STIPULATED
MOTION TO APPROVE
SETTLEMENT AND DISMISS

This matter is before the Court on the parties' consent to proceed before a Magistrate Judge (Dkt. 10) and on the parties' stipulated motion to approve settlement and dismiss. Dkt. 45.

**BACKGROUND**

The plaintiffs in this wrongful death action include the children of the decedent, Mr. Stonechild Chiefstick, and the personal representative of the Estate of Stonechild Chiefstick. Dkt. 1. They allege that defendants, the City of Poulsbo, Craig Keller, Dan Schoonmaker, and Troy Grossman, are liable for the shooting death of Mr. Chiefstick. *Id.* They bring state law

1  claims for negligence and assault and battery as well as federal claims pursuant to 42 U.S.C. §

2  1983 for excessive force and deprivation of familial relationship. *Id.* at 8–9.

3        On October 27, 2021, the parties informed the Court that they conducted early mediation

4  and accepted a mediator's proposal from the Hon. Ronald Leighton. Dkt. 35 at 1. Because the

5  action involves minor plaintiffs, the Court was required to appoint a settlement guardian *ad*

6  *litem*. *See* Local Civil Rule 17. On November 1, 2021, this Court appointed Ms. Leona

7  Colegrove as guardian *ad litem* for the minor children. Dkt. 37. Ms. Colegrove was tasked with

8  producing a report to help the Court determine the adequacy of the proposed settlement. *Id.* On

9  February 17, 2022, Ms. Colegrove filed her report with the Court and the parties filed the instant

10  motion to approve settlement and dismiss. *See* Dkts. 42 (under seal), 45.

11  **DISCUSSION**

12        In cases involving minors, the Court has a special duty, derived from Federal Rule of

13  Civil Procedure 17(c), to safeguard the interests of litigants who are minors. This duty requires

14  the Court to conduct "its own inquiry to determine whether the settlement serves the best

15  interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011);

16  *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court

17  must independently investigate and evaluate any compromise or settlement of a minor's claims

18  to assure itself that the minor's interests are protected, even if the settlement has been

19  recommended or negotiated by the minor's parent or guardian *ad litem*.").

20        The Court's inquiry is limited to "the question [of] whether the net amount distributed to

21  each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the

22  minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. "So long

23  as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and

24

average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182. Courts apply that standard in cases involving both federal and state claims. *See Doe ex rel. Scott v. Gill*, No. C 11-4759 CW, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012).

The Court has reviewed Ms. Colegrove's report and the proposed settlement and concludes that the proposed settlement is fair and reasonable in light of the risks involved with further litigation and recoveries by similarly situated plaintiffs. Therefore, the Court approves the settlement.

**CONCLUSION**

The Court approves the settlement on the terms set forth in Ms. Colegrove's report. The case is dismissed with prejudice and without further costs or attorneys' fees.

Dated this 18th day of March, 2022.

J. Richard Creatura
Chief United States Magistrate Judge